STATE of Rhode Island

v.

Jose DOS SANTOS.

No. 96–643 C.A.

Supreme Court of Rhode Island.

Oct. 23, 1997.

Aaron L. Weisman, Andrea J. Mendes, Providence.

Scott A. Lutes, Providence.

## ORDER

This case came before the Supreme Court on October 15th, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant, Jose Dos Santos, appeals from a judgment of conviction on one count of assault with a dangerous weapon in violation of G.L.1956 § 11–5–2.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

### I.

#### Facts and Travel

On the evening of July 17, 1994, defendant was frequenting the Ilha Verde Club in Pawtucket. During the course of the evening, the defendant twice groped another patron, John DaSilva. DaSilva testified both incidents involved unwelcome sexual advances. The first incident resulted in DaSilva slapping the defendant's face. The second time he brushed against DaSilva, defendant allegedly told DaSilva he wanted to have sex with him. In response, DaSilva grabbed defendant by the neck and threw him against the club's jukebox. The two combatants were quickly separated by the club's owner Domingo Baptista (Mingo) and other patrons.

Following the altercation, DaSilva left the Ilha Verde Club and briefly visited a nearby tavern. He then returned to the Ilha Verde Club parking lot to retrieve his automobile. As he opened the automobile door, defendant approached from behind and cut DaSilva's neck with a knife. DaSilva turned on the defendant, chased him away, and threw an empty paint can that struck defendant's head.

DaSilva soon began to feel the effects of his wound and returned to the Ilha Verde Club. In the doorway to the club, DaSilva encountered a friend of the defendant. When DaSilva slapped defendant's friend, he attracted the attention of a nearby police officer Richard Rousseau who was working an extra detail at the Ilha Verde Club that night. When Rousseau observed the blood on DaSilva's neck, he immediately called for a rescue squad.

After receiving a statement from DaSilva, the police arrested defendant and charged him with one count of assault with a dangerous weapon. Following a trial by jury in the Providence County Superior Court, defendant was convicted. On appeal, defendant challenges the trial justice's denial of both his motion for judgment of acquittal and his motion for a new trial. Defendant also contends the trial justice improperly limited his cross-examination of DaSilva.

### II.

#### Motion for Judgment of Acquittal

In deciding the motion for judgment of acquittal in this case, the trial justice properly assessed the evidence in the light most favorable to the state. *State v. Gianoulos,* 122 R.I. 67, 404 A.2d 81, 82 (1979) (citing *State v. Distante,* 118 R.I. 532, 375 A.2d 212, 215 (1977)). At trial, the prosecution's complaining witness identified the defendant as his assailant. Based on this evidence alone, the trial justice was correct in concluding that a rational juror could find guilt beyond a reasonable doubt. Therefore, defendant's appeal of the trial justice's denial of his motion for judgment of acquittal is denied.

### III.

#### Motion for a New Trial

In deciding defendant's motion for a new trial, the trial justice properly recognized his

duty to sit as the thirteenth juror and assess the weight and credibility of the evidence. *State v. Snow,* 670 A.2d 239, 243 (R.I.1996). Defendant's contention that the jury verdict was not supported by the evidence was discounted and rejected by the trial justice, and his motion for a new trial was denied. We find no error in that denial. The trial justice neither overlooked or misconceived the material trial evidence in reaching his decision. The defendant's appeal of the trial justice's denial of his motion for a new trial is denied.

## IV.

### Limitation of Cross–Examination

While cross-examining DaSilva, defense counsel asked, "After you reported what you say happened to Mingo is it not true that Mingo said to you, 'I don't believe you?'" The trial justice sustained the state's objection to this question. Decisions regarding the scope of cross-examination are entrusted to the sound discretion of the trial justice, *State v. O'Brien,* 122 R.I. 749, 412 A.2d 231, 233 (1980) (citing *State v. Eckhart,* 117 R.I. 431, 367 A.2d 1073, 1075 (1977)), and will not be disturbed on appeal absent clear abuse. *O'Brien,* 412 A.2d at 233 (citing *Pansey v. Pansey,* 115 R.I. 97, 340 A.2d 120, 124 (1975)). Here the state's objection to the cross examiner's question was to prevent introduction of a non party's state of mind regarding the veracity of the victim DaSilva's testimony, and we cannot say that the trial justice's decision to sustain the state's objection constituted such an abuse of discretion. The defendant's appeal asserting that the trial justice improperly limited his cross-examination of DaSilva is without merit and is denied.

## V.

### Conclusion

For these reasons, the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers in this case are remanded to the Superior Court.